## Commonwealth v. Nesbit

*Daniel R. Kehm, Assistant District Attorney,* for Commonwealth.

*Daniel W. Shoemaker,* for defendant.

SHADLE, *P.J.*, November 10, 1976 — Defendant has been charged with burglary. He has presented an application for settlement and discharge under Pa.R.Crim.P. 315, alleging that the offense was not committed by force or violence or threat thereof, and, that he is prepared to make financial restitution to the aggrieved party for his loss and damage. The application contains the consent and joinder of the aggrieved party. It does not contain the consent of the attorney for the Commonwealth. Consequently a rule was granted upon the latter to show cause why the application should not be granted.

The District Attorney has filed an answer admitting all averments of defendant's application, but requesting dismissal of the application on the sole ground that "the crime charged is a crime of force or violence."

In addition to the prerequisites of the absence of force or violence or threat thereof, the availability of a civil remedy to the aggrieved party, satisfaction being made to him, and his agreement to settlement and discharge, Rule 315 makes two additional requirements. These are that "the public interest will not be materially affected," and that the attorney for the Commonwealth consent to the settlement and discharge.

We do not consider the discretion of the District Attorney to be absolute and unfettered in deciding whether to consent to settlement and discharge. We think he has a right and duty to object on the ground that any of the prerequisites of Rule 315 have not been met, including a showing that the public interest would be materially affected. He has elected none of these options here. His sole objection is that burglary "is a crime of force or

violence." This clearly is not the law under the definition of the offense in the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3502. Nothing in the Crimes Code indicates otherwise except 18 C.P.S.A. §6102, which defines burglary as a crime of violence for the purpose of violation of the Uniform Firearms Act relating to the possession and use of firearms. There is no indication whatever in the record in this case that force or violence or the threat thereof or possession or use of a firearm were involved.

We have some concern as to whether the public interest will be materially affected per se by settlement of a charge of burglary. We specifically decline to decide that issue in this case. It is conceivable that in a particular instance the public interest could be materially affected by a settlement or discharge, based on the circumstances of the offense, the prior criminal record of the defendant, and other similar factors.

However, in this case we conclude that none of the prerequisites for settlement and discharge have been controverted, and that the only basis shown by the attorney for the Commonwealth for refusing to consent is that the offense is one of force or violence, which clearly is incorrect. Under these circumstances we shall grant defendant's application.

## ORDER

And now, November 10, 1976, defendant's application is granted, and it is ordered that he is discharged upon payment by him to the clerk of courts of restitution for the victim and the costs of prosecution.